UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATACHIANNA JAMES, | Case No. 2:24-cv-0880-DAD-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES POSTAL SERVICE, *et al.*, | |
| Defendants. | |

Plaintiff LaTachianna James commenced this case in the Solano County Superior Court, alleging tort claims for damage to her vehicle against defendants United States Postal Service ("USPS"), Hall Equity Group, and Mark Hall. Defendant USPS removed the case to this court, ECF No. 1, and now moves to dismiss the complaint for lack of jurisdiction, ECF No. 5. I recommend that USPS's motion be granted.

**Legal Standard**

A party may move to dismiss a case for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A jurisdictional challenge made under Rule 12(b)(1) can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party asserts that the allegations in the complaint are "insufficient on their face" to establish federal jurisdiction. *Id*. "Whether subject matter jurisdiction exists therefore does not

1

depend on resolution of a factual dispute, but rather on the allegations in [the] complaint." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In evaluating such a claim, the court accepts the allegations as true, and the plaintiff need not present evidence outside the pleadings. *Id.*

In a factual challenge, the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. The court does not simply accept the allegations in the complaint as true. *Id.* Instead, "when challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof," *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010), and the court makes findings of fact, resolving any material factual disputes by independently evaluating the evidence, *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944-45 (9th Cir. 2021).

**Discussion**

Plaintiff alleges that on January 20, 2024, her car was damaged when she hit a pothole while driving in Suisun City. ECF No. 1 at 5; *see* ECF No. 14 at 2-3. The incident occurred on a road between the Post Office and a shopping center owned or managed by defendants Hall Equity Group and Mark Hall. ECF No. 14 at 2-3. USPS argues that the court lacks jurisdiction because: (1) as a federal agency, USPS is immune under the "derivative jurisdiction" doctrine; (2) plaintiff failed to exhaust her administrative remedies before filing this suit; and (3) USPS is not a proper defendant. ECF No. 5-1 at 1. I agree that the case must be dismissed because plaintiff failed to exhaust her administrative remedies. I therefore decline to address the government's remaining arguments.

"The United States, as sovereign, is immune from suit in state or federal court except to the extent that Congress has expressly waived such sovereign immunity." *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1136 (9th Cir. 2013) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). "The [FTCA] is a limited waiver of sovereign immunity," *United States v. Orleans*, 425 U.S. 807, 813 (1976), making the federal government liable for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C.A. § 1346(b). Although Congress has consented to suits against the United States under the FTCA, prior to bring tort claim against the United States, a

1  plaintiff must first exhaust her administrative remedies by filing a claim with the appropriate

2  federal agency.  28 U.S.C. § 2675(a).  The administrative claim requirement is jurisdictional,

3  *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995), and courts are required to strictly

4  construe the exhaustion requirement, *Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1251 (9th Cir.

5  2006) (holding that where exhaustion conditions are not satisfied, action may not proceed

6  "merely because dismissal would visit a harsh result upon the plaintiff.").

7       Plaintiff's complaint fails to allege that she submitted an administrative claim with the

8  USPS before initiating this action.  ECF No. 1 at 6; *see Gillespie v. Civiletti*, 629 F.2d 637, 640

9  (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the

10 bringing of a suit under the FTCA . . . and should be affirmatively alleged in the complaint.").

11 Plaintiff alleges that she communicated with defendants via email and telephone to determine

12 who was responsible for maintaining the road.  ECF No.1 at 6.  However, she does not allege that

13 she submitted a written statement to USPS describing the injury or the amount of damages she

14 purportedly sustained.  29 U.S.C. § 2675(a); 39 C.F.R. § 912.5(a).  *see Warren v. U.S. Dep't of*

15 *Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) ("Section 2675(a) requires the

16 claimant or his legal representative to file (1) a written statement sufficiently describing the injury

17 to enable the agency to begin its own investigation, and (2) a sum certain damages claim.").

18      More significantly, the record demonstrates that plaintiff did not exhaust her

19 administrative remedies prior to commencing this action.  In support of its motion, USPS submits

20 a declaration from Kimberly Habst, "Manager, Tort Program and Adjudication with the United

21 States Postal Service National Tort Center."  ECF No. 5-2.  Ms. Habst states that she conducted a

22 search of all records of administrative tort claims in two databases—the Postal Service Law

23 Department database and the Tort Claims/Collections Specialist database—and she found no

24 record of a claim filed by plaintiff.  ECF No. 5-2 at 2.

25      In her opposition, plaintiff includes a copy of an administrative claim that she filed on

26 April 5, 2024.  ECF No. 14 at 16.  That claim, even if it has since been denied, does not confer

27 this court with jurisdiction because it was filed after this case was commenced.  *See Jerves v.*

28 *United States*, 996 F.2d 517, 519 (9th Cir. 1992) (affirming dismissal where case was commenced

prior to agency issuing final denial or lapse of six-month period for issuing an administrative decision.).  Because plaintiff did not exhaust her administrative remedies prior to filing suit, this action must be dismissed for lack of jurisdiction.  *Wilson v. Horton's Towing*, 906 F.3d 773, 783 (9th Cir. 2018) ("When a plaintiff fails to exhaust administrative remedies against the United States, as required by the FTCA, the proper route is dismissal.").

Given that this jurisdictional defect cannot be cured by amendment, granting leave to amend would be futile.  Accordingly, I recommend plaintiff's claims against USPS be dismissed without leave to amend.  *See McNeil v. United States*, 508 U.S. 106 (1993) (holding that courts lack jurisdiction over FTCA actions filed before exhaustion of administrative remedies); *Sparrow v. U.S. Postal Service*, 825 F. Supp. 252, 255 (E.D. Cal. 1993) ("Because § 2675(a) of the FTCA requires that an administrative claim be finalized at the time the complaint is filed, plaintiff's complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.").

Plaintiff's remaining claims are state tort claims against defendants Hall Equities Group, and Mark D. Hall.  The complaint indicates that plaintiff and these defendants are all California citizens and that the amount in controversy is $12,500.  ECF No. 1 at 5.  Accordingly, diversity jurisdiction is absent.  *See* 28 U.S.C. § 1332(a).  Moreover, "[w]ithout an active FTCA claim, and with the United States dismissed as a defendant to this action, the Court lacks either federal question jurisdiction or jurisdiction because the United States is a defendant."  *Weekly. v. United States*, No. 1:22-cv-00341-JLT-SAB, 2023 WL 6796428, *9 (E.D. Cal. Oct. 13, 2023) (internal citations omitted).  Absent any actionable federal claim, this court should decline to exercise supplemental jurisdiction over the remaining state law claims, and those claims should be remanded to state court.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7. (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098. 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice.").

Accordingly, it is hereby RECOMMENDED that:

1. Defendant USPS's motion to dismiss, ECF No. 5, be granted.

2. Plaintiff's claims against USPS be dismissed without leave to amend for lack of jurisdiction.

3. Plaintiff's claims against defendants Hall Equity Group and Mark Hall be remanded the Solano County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 27, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE